IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAM KING-IVOR #162946
    Petitioner,
v.      *     CIVIL ACTION NO. PX-17-3103

DEPARTMENT OF PUBLIC SAFETY
 AND CORRECTIONAL SERVICES
    Respondent.
*****

MEMORANDUM

On October 23, 2017, this petition for habeas corpus was received for filing from Sam King-Ivor, a Maryland inmate currently housed at the Western Correctional Institution ("WCI") in Cumberland, Maryland. King-Ivor takes issue with the manner in which the Maryland Parole Commission ("MPC") and Department of Correction ("DOC") have computed and carried out his sentences. Generously construing the petition, it appears that King-Ivor is stating that the MPC and DOC have failed to commence his sentences from the September 16, 1981 date imposed by a circuit court judge and this has affected his parole eligibility date.[1] ECF No. 1 at 7. He asks that his sentences run from September 16, 1981.

King-Ivor seeks leave to proceed in forma pauperis (ECF No. 2), which shall be granted. As King-Ivor is challenging the execution of his sentences, his action shall be construed as a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.[2]

---

[1] According to the petition, on June 9, 1982, King-Ivor was sentenced to two consecutive life sentences, plus fifty years to run consecutive to the life sentences, all to date from September 16, 1981. ECF No. 1 at 7.

[2] When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's

A habeas corpus petition, with its concomitant requirement of exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter). A state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief under 28 U.S.C. § 2241. *See Rose v. Lundy, 455 U.S. 509 (1982), Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973), *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). This total exhaustion rule promotes comity while not unreasonably impairing a prisoner's right to relief. *Rose,* 455 at 523.

An inmate in DOC custody may challenge his sentence computation in one of two ways. First, an inmate may pursue administrative proceedings to challenge computation regardless of whether he believes he is entitled to immediate release by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq.*,* to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the Inmate Grievance Office ("IGO");

4. Appealing a final decision of the IGO to the Circuit Court;

---

confinement and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. *Id.* at 811; *see McIntosh,* 115 F.3d at 811–12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution [length and duration] of his sentence is properly brought pursuant to § 2241); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

Alternatively, where an inmate seeks an immediate release, he can:

1. File a petition for writ of habeas corpus in a Circuit Court;

2. Appeal a decision by the Circuit Court to the Court of Special Appeals; and

3. Seek *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Here, the state court docket[3] reflects that King-Ivor has not fully exhausted his state court remedies as to his issue. Accordingly, this petition must be dismissed for the failure to exhaust available state court remedies. *See Braden*, 410 U.S. at 490-91. The court declines to issue a certificate of appealability. Further, King-Ivor's motion for appointment of counsel (ECF No. 2) shall be dismissed as moot. A separate Order follows.

/S/
Paula Xinis
United States District Judge

---

[3] *See* http://www.casesearch.courts.state.md.us/inquiry (last visited November 8, 2017).